**SO ORDERED: September 14, 2017.**



_____
**James M. Carr
United States Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| HUGH LAWRENCE BROOKS and ) | Case No. 09-02012-JMC-11 |
| TAMMIE LATHERES SIMS-BROOKS, ) | |
| ) | |
| Debtors. ) | |
| _____) | |
| ) | |
| HUGH LAWRENCE BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. 17-50156 |
| ) | |
| KEY BANK, NATIONAL COLLEGIATE ) | |
| STUDENT LOAN TRUST, NAVIENT ) | |
| SOLUTIONS, INC., AND ) | |
| UNIVERSITY OF MARYLAND, ) | |
| ) | |
| Defendants. ) | |

### ORDER ON UNIVERSITY OF MARYLAND'S
### MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

THIS ADVERSARY PROCEEDING comes before the Court on *Defendant University*

*of Maryland's Motion to Dismiss or, in the Alternative, for Summary Judgment* filed by the

University of Maryland ("University") on July 17, 2017 (Docket No. 14) (the "Motion"). The Court, having reviewed the Motion and *Defendant University of Maryland's Memorandum of Law in Support of its Motion to Dismiss or, in the Alternative, for Summary Judgment* (Docket No. 14-1), having noted that no timely response to the Motion was filed by Hugh Lawrence Brooks ("Debtor"), having heard the representations of counsel for University and counsel for Debtor at a status conference on August 28, 2017, including the representation by counsel for Debtor that Debtor would not resist the granting of the Motion, and being duly advised, now rules as follows:

## Summary Judgment Standard

University moves the Court to enter summary judgment in its favor and against Debtor pursuant to Fed. R. Civ. P. 56, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056.

To obtain summary judgment, University must show that there is no genuine dispute as to any material fact and University is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The burden rests on University, as the moving party, to demonstrate that there is an absence of evidence to support the case of Debtor, the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986). After University demonstrates the absence of a genuine issue for trial, the responsibility shifts to Debtor to "go beyond the pleadings" to cite evidence of a genuine issue of material fact that would preclude summary judgment. *Id*. at 324, 106 S.Ct. at 2553. If Debtor does not come forward with evidence that would reasonably permit the Court to find in his favor on a material issue of fact (and if the law is with University), then the Court must enter summary judgment against Debtor. *Waldridge v. American Hoechst Corp*., 24 F.3d 918, 920 (7th Cir. 1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

585-87, 106 S.Ct. 1348, 1355-56 (1986); *Celotex*, 477 U.S. at 322-24, 106 S.Ct. at 2552-53; and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52, 106 S.Ct. 2505, 2511-12 (1986)).

*Exceptions to Discharge*

Debtor filed this adversary proceeding seeking a determination pursuant to 11 U.S.C. § 523(a)(8) that his student loans owed to University and the other defendants are dischargeable. Exceptions to discharge under § 523 "are to be [construed] strictly against a creditor and liberally in favor of the debtor." *Goldberg Sec., Inc. v. Scarlata (In re Scarlata)*, 979 F.2d 521, 524 (7th Cir. 1992) (quoting *In re Zarzynski*, 771 F.2d 304, 306 (7th Cir. 1985)).

Section 523(a) provides, in relevant part:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
> …
> (8)    unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for –
> > (A)(i)   an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
> > (ii)   an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
> > (B)   any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual; ….

In *Matter of Roberson*, 999 F.2d 1132, 1135 (7th Cir. 1993), the Seventh Circuit Court of Appeals adopted the three-prong test for undue hardship articulated by the Second Circuit Court of Appeals in *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987) (*per curiam*), as follows:

> (1)    that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for [himself] and [his] dependents if forced to repay the loans;
> (2)    that additional circumstances exist indicating that this state of affairs is

        likely to persist for a significant portion of the repayment period of the student loans; and

(3)     that the debtor has made good faith efforts to repay the loans.

Debtor "has the burden of establishing each element of the test by a preponderance of the evidence." *Goulet v. Educ. Credit Mgmt. Corp.*, 284 F.3d 773, 777 (7th Cir. 2002) (citing *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661 (1991)).

*Reasoning*

In the Motion, University asks the Court to determine that Debtor has not met and cannot meet his burden to prove that excepting Debtor's obligation to repay the $9,723.85 loan from University to Debtor (the "Loan") from discharge would impose an undue hardship on Debtor and Debtor's dependents.

Debtor is the only member of his household. Debtor's net annual earnings are over $110,000 as a Certified Registered Nurse Anesthetist. Debtor asserts in his complaint that his "income and expected future income is and will be adequate for him to afford the basic necessities of life, but will not allow for the payment demanded by Defendants." Since October 2007, University has received $1,814.40 toward repayment of the Loan.

Based upon the lack of any evidence from Debtor contradicting these facts or establishing other facts to support Debtor's undue hardship assertions, the Court determines that there are no genuine issues of material fact regarding the applicability of § 523(a)(8) to the Loan, the Loan amount, Debtor's current earnings or earning potential, Debtor's other relevant personal circumstances, and Debtor's Loan repayment efforts.

Based on these facts and the lack of any counterargument from Debtor, the Court concludes that the three prongs of the *Brunner* test are not satisfied, and payment of the Loan will not cause an undue hardship on Debtor. Therefore, the Loan is nondischargeable.

*Conclusion*

Based on the foregoing, the Court GRANTS University's motion for summary judgment and will enter judgment in favor of University and against Debtor consistent with this order contemporaneously herewith.

Given the Court's decision to enter summary judgment, the Court DENIES AS MOOT University's motion to dismiss.

This ruling is made without prejudice to Debtor's attempts to prove that payment of the loans from the other defendants in this adversary proceeding would cause an undue hardship and that Debtor's obligations with respect to such other loans should be discharged.

IT IS SO ORDERED.

# # #